# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES HILLERBRANDT, | ) |
| Petitioner, | ) |
| v. | ) No. 4:05-CV-735 CAS/TCM |
| JIM MOORE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner James Hillerbrandt's motion for emergency injunctive relief. In the motion, petitioner states that respondent, the superintendent at Northeast Correctional Center where petitioner is incarcerated, has issued a directive that inmate law clerks can no long assist petitioner or other prisoners with prosecuting their lawsuit, that law clerk cannot use law library equipment or resources to prepare pleadings for inmates, or substantively assist them with their cases. Petitioner states that he will be unable to prosecute his petition for writ of habeas corpus further without the assistance of an inmate law clerk because he lacks a basic understanding of the law and Court procedures and rules, and will suffer irreparable harm as a result. Petitioner seeks an order enjoining the respondent and his staff from interfering with petitioner's receipt of legal assistance from inmate law clerks.

**Legal Standard**.

In determining whether to issue a temporary restraining order, the Court must consider the following four factors:

(1) The threat of irreparable harm to the movant;

(2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(3) the probability that movant will succeed on the merits; and

(4) the public interest.

Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc).

A court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Dataphase, 640 F.2d at 113 & n.5)). A party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. Devose, 42 F.3d at 471 (citing Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)).

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113.

The Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially

called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers, 676 F.2d at 1214).

**Discussion**.

Petitioner's motion for emergency injunctive relief should be denied for two separate reasons. First, as stated above, a party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. Devose, 42 F.3d at 471. The petition in this case was filed pursuant to 28 U.S.C. § 2254 and seeks a determination that petitioner's judgment and conviction in state court criminal proceedings violated his constitutional rights. The instant motion for emergency injunctive relief raises a matter collateral to the habeas petition, as it alleges a violation of rights arising from prison officials' promulgation of a rule which prohibits inmate law clerks from assisting petitioner and others with their lawsuits. Thus, the necessary relationship between the injury claimed in petitioner's motion and the conduct asserted in the petition is lacking, and petitioner cannot assert his claim for injunctive relief in this action.

Second, if the Court were able to reach the merits of the motion, petitioner would fail to establish a likelihood of success on the merits. In Bounds v. Smith, 430 U.S. 817 (1977), "the Supreme Court held that states have an affirmative duty to assure prisoners access to the courts that is 'adequate, effective, and meaningful.'" Schrier v. Halford, 60 F.3d 1309, 1311 (8th Cir. 1995) (quoting Bounds, 430 U.S. at 822). In Bounds, the Supreme Court held that in order to preserve prisoners' fundamental constitutional right of access to the courts, prison authorities must assist inmates in the preparation and filing of meaningful legal papers in certain legal proceedings, including actions for postconviction relief, by providing inmates with either access to an adequate law library

or adequate assistance from persons trained in the law. Klinger v. Department of Corrections, 107 F.3d 609, 616 (8th Cir. 1997).

In this case, petitioner alleges that he is being deprived of the assistance of an inmate law clerk. There is no allegation, however, that petitioner is being deprived of access to an adequate law library. See, e.g., Little v. Norris, 787 F.2d 1241, 1244 (8th Cir.1986) ("If there is an adequate law library available or if there is assistance available from persons trained in the law, then the state has satisfied the inmates' right to meaningful access to the courts.") (emphasis added) (citing Bounds, 430 U.S. at 828). The Eighth Circuit has stated that "[p]rison officials are required to permit inmates to seek the assistance of other inmates only when there are no other reasonable alternatives available to provide the inmates with meaningful access to the courts." Little, 787 F.2d at 1244 (citing Johnson v. Avery, 393 U.S. 483, 488, 490 (1969)).

Finally, even if a prisoner can show a "complete and systematic denial of access to a law library or legal assistance," which petitioner has not alleged in the instant motion, he must still "'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.'" Klinger, 107 F.3d at 617 (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). Petitioner fails to allege that he has suffered actual injury or prejudice as a result of the rule against inmate law clerk assistance, such as by suffering the dismissal of his claim, see Lewis, 518 U.S. at 351, but rather merely anticipates that he may be unable to adequately represent himself. Absent an allegation of actual injury or prejudice, petitioner cannot prevail on an access-to-courts claim. Id.

**Conclusion**.

For the foregoing reasons, petitioner's motion for emergency injunctive relief should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for emergency injunctive relief is **DENIED**.  [Doc. 5]

                                                         **CHARLES A. SHAW**
                                                         **UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of July, 2005.