# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HILLERBRANDT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-735 CAS |
| | ) | |
| JIM MOORE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner James Hillerbrandt's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Thomas C. Mummert, III, for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On July 17, 2008, Judge Mummert filed a Report and Recommendation of United States Magistrate Judge which recommended that Hillerbrandt's petition for writ of habeas corpus be denied. Petitioner filed late objections to the Magistrate Judge's Report and Recommendation, but the Court will grant leave for filing out of time. Petitioner's objections reiterate the one ground for relief asserted in his § 2244 petition, that his direct appeal counsel was ineffective for misleading or coercing petitioner to withdraw his direct appeal, as well as raising a number of issues of trial court error and prosecutorial error that were not asserted in the § 2244 petition. The Court has carefully reviewed petitioner's objections and the entire record of this matter.

The Eighth Circuit has held that a party may not make new arguments in his objections to a magistrate judge's report when those arguments have not been presented to the magistrate judge.

Hylla v. Transportation Commc'ns Int'l Union, No. 07-3573, 2008 WL 2987196, *9, __ F.3d __ (8th Cir. Aug. 6, 2008). Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 provides for a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. 28 U.S.C. § 2244 (d)(1)(A). Petitioner filed his § 2254 petition on May 9, 2005, more than three years ago. The new claims of error asserted in the objections are time barred unless they "relate back" under Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." In Mayle v. Felix, 545 U.S. 644, 664 (2005), the Supreme Court interpreted the predecessor of Rule 15(c)(1)(B), Rule 15(c)(2), in the habeas context, and held that in order for the claims in an amended habeas motion under 28 U.S.C. § 2254 to relate back, they must be of the same "time and type" as those in the original motion, such that they arise from the same core set of operative facts. Id. at 657, 664.

In the instant case, petitioner's new claims of trial court error are not tied to a "common core of operative facts" that would make relation back proper. Petitioner's claim in the original § 2254 motion concerns ineffective assistance of appellate counsel based on advice to withdraw his direct appeal. Thus, the facts alleged in the original petition were not such that would put the state on notice that trial court or prosecutorial error was an issue. See Mandacina v. United States, 328 F.3d 995, 1000 (8th Cir.) (stating that "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.") (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)),

2

cert. denied, 540 U.S. 1018 (2003). Petitioner's new claims of trial court and prosecutorial error in his objections are therefore time barred and the Court does not consider them.

Following de novo review, the Court concurs in the recommendation of the Magistrate Judge. Petitioner's objections are overruled and his requests for additional time to respond and for the appointment of appellate counsel are denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 15]

**IT IS FURTHER ORDERED** that James Hillerbrandt's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 2]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of August, 2008.